IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GERMAN RUIZ, §
 §
        Plaintiff, §
 § Civil Action No. 3:18-CV-1544-D
VS. §
 §
PENNYMAC LOAN SERVICES, LLC, §
 §
        Defendant. §

MEMORANDUM OPINION
AND ORDER

In this removed action alleging a violation of the regulations promulgated under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f)—specifically the regulation governing loss mitigation applications, 12 C.F.R. § 1024.41—defendant PennyMac Loan Services, LLC ("PennyMac") moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims of plaintiff German Ruiz ("Ruiz"). For the reasons that follow, the court grants PennyMac's motion and grants Ruiz leave to replead.

I

According to Ruiz's state-court original petition and application for temporary restraining order ("petition"), Ruiz took out a mortgage loan on his home in Grand Prairie, Texas in 2009. PennyMac became the servicer of that loan. In 2018 Ruiz submitted a loan modification application to PennyMac. Ruiz alleges that PennyMac did not respond to his application within 30 days, as § 1024.41(c)(1) requires. Instead, PennyMac scheduled Ruiz's residence for foreclosure. Ruiz then filed the instant lawsuit in Texas state court, alleging

a violation of § 1024.41 and a state-law theory of negligent undertaking. He sought a temporary restraining order, actual damages, statutory damages, costs, and attorney's fees. The state court granted Ruiz's temporary restraining order application. PennyMac later removed the case to this court. Only Ruiz's claims for damages, attorney's fees, and costs remain.

PennyMac now moves pursuant to Rule 12(b)(6) to dismiss Ruiz's petition. PennyMac contends that Ruiz has failed to state a plausible claim under § 1024.41 because he does not allege that this was his first loan modification application, as § 1024.41(i) requires, and does not allege sufficient facts to show that he suffered actual damages as a result of PennyMac's violation. PennyMac moves to dismiss Ruiz's claim for statutory damages, contending that Ruiz does not allege a pattern of noncompliance with RESPA. PennyMac also moves to dismiss Ruiz's request for attorney's fees on the ground that Ruiz does not allege facts showing "how much he spent on an attorney and how Defendant's conduct caused him to spend money on an attorney." Mot. Dismiss 10. Finally, PennyMac posits that Ruiz's state-law negligent undertaking claim fails as a matter of law. Ruiz opposes the motion with respect to the § 1024.41 claim and concedes the motion as to the negligent undertaking claim.

II

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby*

*Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss, Ruiz must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

PennyMac maintains that Ruiz has failed to state a claim for a violation of RESPA and its implementing regulations.

A

12 C.F.R. § 1024.41—entitled "Loss mitigation procedures"—regulates loss mitigation procedures provided by loan servicers. *See* 12 C.F.R. § 1024.41. Section 1024.41 does not require that a servicer "provide any borrower with any specific loss mitigation option." *Id.* § 1024.41(a). Instead, it specifies required procedures, including deadlines for reviewing timely loss mitigation applications and requirements for notifying borrowers in writing, within 30 days of receipt of a complete loss mitigation application, which loss mitigation options, if any, it will offer the borrower, or the specific reasons for denying a complete loss mitigation application. *Id.* § 1024.41(c)(1)(ii), (d). A loan servicer must comply with § 1024.41 "unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application." *Id.* § 1024.41(i); *see Wentzell v. JPMorgan Chase Bank, N.A.*, 627 Fed. Appx. 314, 318 n.4 (5th Cir. 2015) (per curiam); *Allen v. Wells Fargo Bank, N.A.*, 2017 WL 3421067, at *4 (N.D. Tex. Aug. 9, 2017) (Fitzwater, J.).[1]

---

[1]Section 1024.41(i) was amended effective October 2017. *See* Amendments to the 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 Fed. Reg. 72,373, 72,375 (Oct. 19, 2016) (to be codified at 12 C.F.R. § 1024.41). Previously, there was no exception for borrowers who

Section 1024.41 is privately enforceable under § 6(f) of RESPA, 12 U.S.C. § 2605(f). *See* 12 C.F.R. § 1024.41(a). To state a claim under § 6(f), a plaintiff must show that he suffered actual damages as a result of the defendant's violation. *See Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed. Appx. 790, 795 (5th Cir. 2014) (per curiam). A prevailing plaintiff is entitled to recover actual damages and reasonable attorney's fees and costs. *See* 12 U.S.C. § 2605(f)(1)(A), (f)(3). A plaintiff who proves a "pattern or practice of noncompliance" with RESPA may recover statutory damages of up to $2,000. *Id.* § 2605(f)(1)(B). The plaintiff must allege such a pattern or practice of misconduct for his statutory damages claim to survive a motion to dismiss. *See Allen*, 2017 WL 3421067, at *4.

B

Ruiz does not allege any facts that enable the court to draw the reasonable inference that the loan modification application he submitted to PennyMac was his first complete loss mitigation application. Nor does he adequately plead that he became current on his payments after PennyMac considered any previous complete loss mitigation application. Ruiz must allege facts that plausibly plead a claim under one of these alternatives in order to state a claim for a violation of § 1024.41. *See Solis v. U.S. Bank, N.A.*, 726 Fed. Appx. 221, 223 (5th Cir. 2018) (per curiam) ("The district court did not err when it held that the [plaintiffs] failed to allege that this application was their first complete loss mitigation application. . . .

---

became current on their payments after submitting a complete loss mitigation application. The pre-amended regulation provided: "[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account." 12 C.F.R. § 1024.41(i) (2016).

Thus, [plaintiffs] again failed to plead the prerequisites of a plausible claim.");[2] *see also Rachal v. Select Portfolio Servicing, Inc.*, 2018 WL 3193835, at *5 (E.D. Tex. June 5, 2018), *rec. adopted*, 2018 WL 3156145, at *1 (E.D. Tex. June 28, 2018); *Higginbotham v. IndyMac Bank, F.S.B.*, 2017 WL 2701939, at *4 (E.D. Tex. June 1, 2017), *rec. adopted*, 2017 WL 2691241, at *1 (E.D. Tex. June 22, 2017); *Jones v. Select Portfolio Servicing, Inc.*, 2016 WL 6581279, at *7 (N.D. Tex. Oct. 12, 2016) (Horan, J.), *rec. adopted*, 2016 WL 6566538, at *1 (N.D. Tex. Nov. 3, 2016) (Kinkeade, J.). This ground alone merits dismissal of Ruiz's claim.[3]

The court therefore need not reach the question whether Ruiz has adequately pleaded actual damages.[4] For the purposes of repleading, however, Ruiz should bear in mind that he must plead sufficient facts for the court to draw the reasonable inference that he suffered damages *resulting from PennyMac's violation* of § 1024.41. *See Law*, 587 Fed. Appx. at 795. Even a small amount of damages will suffice if the harm is traceable to the alleged

---

[2]Although the loss mitigation application at issue in *Solis* was submitted in 2014, *see Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, at *1 (S.D. Tex. June 23, 2017), the Fifth Circuit nonetheless applied § 1024.41(i) as currently amended in concluding that the district court properly dismissed the case, *see Solis*, 726 Fed. Appx. at 223.

[3]At least one district court in another circuit disagrees that § 1024.41(i) imposes an affirmative pleading requirement. *See Amarchand v. CitiMortgage, Inc.*, 2016 WL 1031303, at *2 (M.D. Fla. Mar. 9, 2016). *Amarchand* has since been distinguished, albeit in the context of a motion for summary judgment, by this court. *See Germain v. U.S. Bank, N.A.*, 2018 WL 1517860, at *5-6 (N.D. Tex. Mar. 28, 2018) (Lynn, C.J.).

[4]Ruiz alleges in his petition that he "has expended significant time trying to obtain an answer regarding the loan modification approval and estimates he has missed work and/or incurred expenses in the approximate amount of $400.00." Pet. ¶ 15.

RESPA violation. Courts have interpreted "actual damages" under § 6(f) to include, *inter alia*:

> (1) out-of-pocket expenses incurred dealing with the RESPA violation including expenses for preparing, photocopying and obtaining certified copies of correspondence, (2) lost time and inconvenience, such as time spent away from employment while preparing correspondence to the loan servicer, to the extent it resulted in actual pecuniary loss[,] (3) late fees and (4) denial of credit or denial of access to full amount of credit line.

*McLean v. GMAC Mortg. Co.*, 595 F.Supp.2d 1360, 1366 (S.D. Fla. 2009) (collecting cases), *aff'd*, 398 Fed. Appx. 467 (11th Cir. 2010). But causation is key. Any expenses Ruiz incurred prior to PennyMac's alleged violation—such as those involved in preparing and sending the loss mitigation application, or in following up on the application before the regulatory deadline—do not suffice, because it cannot be said that they were caused by PennyMac's noncompliance. *See Smith v. JPMorgan Chase Bank, N.A.*, 2018 WL 879276, at *3 (N.D. Tex. Jan. 23, 2018) (Toliver, J.), *rec. adopted*, 2018 WL 837762, at *1 (N.D. Tex. Feb. 13, 2018) (Kinkeade, J.); *Meeks v. Wells Fargo Bank, N.A.*, 2018 WL 472821, at *2 (N.D. Tex. Jan. 18, 2018) (McBryde, J.). A well-pleaded claim under § 6(f) should therefore allege facts showing not only that the plaintiff suffered damages, but also that those damages were incurred "as a result of the failure" of the lender to comply with the statute or regulations. *See* 12 U.S.C. § 2605(f)(1)(A).

As for statutory damages, Ruiz does not allege sufficient facts for the court to draw the reasonable inference that PennyMac has engaged in a pattern or practice of RESPA violations. His claim for statutory damages must therefore be dismissed. *See Allen*, 2017

WL 3421067, at *4 ("[T]he Allens have not alleged a pattern or practice of misconduct, as required for statutory damages[.]").

Citing *Baez v. Specialized Loan Servicing, LLC*, 709 Fed. Appx. 979 (11th Cir. 2017), PennyMac maintains that, to recover such fees, Ruiz must allege a causal connection between his incurred attorney's fees and PennyMac's regulatory violation. The court disagrees. *Baez* dealt with the question whether attorney's fees could satisfy the "actual damages" predicate for bringing a § 6(f) claim. *See id.* at 983-84. And the Fifth Circuit has already held otherwise. *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. Appx. 833, 836-37 (5th Cir. 2014) (per curiam). The *Whittier* panel reasoned that, because § 6(f) provides for awards of attorney's fees "in addition to" actual and statutory damages, attorney's fees are not themselves actual damages. *See id.* (emphasis omitted). Fees and damages are separate awards under the statute, and should be defined and analyzed separately. When considered in this way, it becomes apparent that there is no causation requirement for attorney's fees: the plain text of § 6(f) states that attorney's fees need only be "incurred in connection with [the RESPA] action," whereas actual damages must "result [from] the failure" of the defendant to comply. *See* 12 U.S.C. § 2605(f)(1)(A), (f)(3).

Additionally, the purpose of perhaps most fee shifting provisions is not to compensate the plaintiff; it is to incentivize attorneys to take on otherwise low-value cases so that remedial federal laws will be privately enforced. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 263 (1975) ("[U]nder some, if not most, of the statutes providing for the allowance of reasonable fees, Congress has opted to rely heavily on private

enforcement to implement public policy and to allow counsel fees so as to encourage private litigation."); *see also, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (holding that purpose of civil rights fee shifting statute is "to ensure effective access to the judicial process for persons with civil rights grievances" (internal quotation marks omitted) (quoting H.R. REP. NO. 94-1558, at 8 (1976))); *McGowan v. King, Inc.*, 569 F.2d 845, 848, 850 (5th Cir. 1978) (observing that Truth in Lending Act, which provides for award of attorney's fees to prevailing plaintiff, was intended to be enforced by individuals acting as "private attorneys general"). Requiring that a plaintiff's attorney's fees be traceable to the defendant's RESPA violation could have the effect of reducing fee awards to such an extent that plaintiffs could not afford to act as private attorneys general.

Nor must Ruiz affirmatively plead, at this stage of the litigation, the amount or nature of his attorney's fees. The procedure for requesting attorney's fees is governed by Rule 54(d). Attorney's fees are typically requested via motion filed within 14 days after the entry of judgment. *See* Rule 54(d)(2)(A), (B)(i); *see also, e.g., Hancock v. Chi. Title Ins. Co.*, 2013 WL 2391500, at *4-13 (N.D. Tex. June 3, 2013) (Fitzwater, C.J.) (evaluating motion for attorney's fees and evidence in support *after* entry of judgment). It is in this motion that the applicant must "state the amount sought or provide a fair estimate of it." Rule 54(d)(2)(B)(iii). Ruiz is therefore not required to plausibly plead the amount of his attorney's fees at this juncture to state a claim on which relief can be granted. Even so, because he has not plausibly pleaded a violation of § 1024.41, he has not stated a claim on which relief can be granted.

IV

Ruiz originally asserted a negligent undertaking claim under Texas law. In response to the present motion, Ruiz concedes that he "will amend his complaint to dismiss this claim against [PennyMac]." P. Resp. 5. Accordingly, the court grants PennyMac's motion to dismiss this claim.

V

Although the court is dismissing Ruiz's claims, it will grant him leave to replead. It is the practice of this court to afford litigants "at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable." *See In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). The reasons for doing so are particularly compelling where, as here, the plaintiff originally filed suit in state court and has not yet amended his petition to conform to the federal pleading standards. *See Baxter v. CitiMortgage, Inc.*, 2014 WL 3407734, at *3 (N.D. Tex. July 14, 2014) (Fitzwater, C.J.). There is no indication that the defects in Ruiz's petition are incurable. Ruiz maintains in his response that the application he submitted to PennyMac was his first loss mitigation application. And to the extent his allegation regarding actual damages may be ambiguous as to whether the damages resulted from PennyMac's violation, Ruiz can clarify this by pleading facts showing when and why those expenses were incurred. The court therefore grants Ruiz a period of 28 days from the date this memorandum opinion and order is filed to file a first amended complaint.

PennyMac may move anew to dismiss the first amended complaint if it has grounds to do so.

* * *

For the reasons stated, the court grants PennyMac's motion to dismiss and grants Ruiz leave to replead.

**SO ORDERED**.

October 3, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE